# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Robert S. Visina,                                    Civil No. 07-122 (DSD / SRN)

        Plaintiff,

        v.                                    **REPORT & RECOMMENDATION**

Wedge Community Co-op, Inc.,

        Defendant.

---

    Leslie L. Lienemann, Culberth & Lienemann, LLP, 1050 USB Plaza, 444 Cedar Street, St. Paul, MN 55101, for Plaintiff.

    Pamela L. VanderWiel, Greene Espel, P.L.L.P., 200 South Sixth Street, Suite 1200, Minneapolis, MN 55402, for Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    This matter comes before the undersigned United States Magistrate Judge on Plaintiff's Motion to Remand (Doc. No. 9).  The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons stated below, the Court recommends that the motion be granted.

## I.      FACTUAL AND PROCEDURAL HISTORY

    Plaintiff Robert S. Visina was employed by Defendant Wedge Community Co-op, Inc. ("The Wedge") as a warehouse operations manager.  (Doc. No. 1-2 (Complaint) ¶ 3.)  The Wedge terminated Visina after a random drug test taken by him returned positive for a controlled substance.  Plaintiff then filed suit in state court alleging, in a two-count complaint, that the Wedge violated the Minnesota Drug and Alcohol Testing in the Workplace Act, Minn. Stat. § 181.950-.953, by (1) requiring Visina to undergo a drug test without having in place a policy that complies with the requirements of the state Act, and (2) not providing him an opportunity to

participate in a drug counseling or rehabilitation program prior to terminating him.  (Doc. No. 1-2 ¶¶ 14, 18.)

The Wedge removed the case to federal court, claiming that the Federal Omnibus Transportation Employer Testing Act completely preempted his state law claims.  (Doc. No. 1-3.)  Visina now moves to remand.

## II.    DISCUSSION

The present motion to remand raises the question of removal jurisdiction under the so-called doctrine of "complete preemption" and how it differs from the affirmative defense of conventional preemption.  Plaintiff contends that the federal statute at issue provides only for conventional preemption of certain state laws and does not provide for federal jurisdiction under the doctrine of "complete preemption."  (Mem. at 2-3 (citing 49 U.S.C. § 31306(g)).)  The Wedge argues federal jurisdiction exists simply because conventional preemption under the federal statute is "broad."  (Mem. at 2; accord id. at 4 (noting that courts have "construed these preemption provisions as having great breadth").).)[1]

But the breadth of preemption, while clearly relevant to the realm of state law that would be preempted for purposes of the affirmative defense of preemption, is simply not relevant to the jurisdictional issue of "complete preemption," under which a state law claim is not simply extinguished by federal law, but rather converted into a federal claim so as to permit removal to federal court on the basis of federal question jurisdiction.  The difference between these two distinct doctrines–which obviously have very different results–has unfortunately eluded many practitioners as well as the federal courts.  E.g. Sullivan v. American Airlines, Inc., 424 F.3d

---

[1]  The parties are not diverse as both are citizens of Minnesota.  (Doc. No. 1-2 (Complaint) ¶¶ 1-2.)  Thus the only potential basis for removal is federal question jurisdiction.

267, 273 n.7 (2d Cir. 2005) ("The two types of preemption are, however, better considered distinct."). To permit removal of an action in which the plaintiff has pled only state-law claims, the federal statute must not only displace state law, it must provide an exclusive federal cause of action that replaces the state law claims. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 9-10 (2003).

> **A.      Defendant Bears the Burden of Establishing Federal Jurisdiction Over The Plaintiff's Claims**

Defendant bears the burden of proving that removal was proper and that valid federal subject matter jurisdiction exists. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); Blaylock v. Hynes, 104 F. Supp. 2d 1184, 1186 (D. Minn. 2000). Statutes implicating removal jurisdiction must be strictly construed. Bauer v. Transition School Distr., City of St. Louis, 255 F.3d 478, 480 (8th Cir. 2001) ("Removal jurisdiction is . . . completely statutory, and [this court] cannot construe jurisdictional statutes any broader than their language will bear."); accord Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941) (stating that removal statue must be strictly construed because removal jurisdiction implicates federalism). Further, "[w]hen reviewing a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand." Blaylock, 104 F. Supp. 2d at 1186; accord In re Business Men's Assurance Co. of America, 992 F.2d at 183 (all doubts must be construed in favor of remand).

> **B.      Basic Principles of Federal Removal Jurisdiction**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A defendant may remove to federal court only those actions over which the federal courts would have had original jurisdiction. Id. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Absent

diversity of citizenship, federal-question jurisdiction is required.").

Here, there is no diversity jurisdiction. Whether federal question jurisdiction exists is determined from the face of the complaint:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim: he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc., 482 U.S. at 393; accord Lyons v. Philip Morris Inc., 225 F.3d 909, 912 (8th Cir. 2000) (recognizing that because plaintiff is master of the complaint, courts honor a plaintiff's prerogative to plead only state law claims).

The corollary to the well-pleaded complaint rule is that a federal defense–including the affirmative defense of preemption–is no basis for removal:

> [A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

Caterpillar Inc., 482 U.S. at 393 (emphasis added).

Here, Visina alleged two claims, both based on state statutory law. (Doc. No. 1-2.) On its face, the Complaint does not disclose any federal issue or statute, much less plead any federal cause of action. Nevertheless, the Wedge removed the action to federal court, claiming that Visina's state-law claims were subject to "complete preemption."

**C.   The "Complete Preemption" Doctrine Permits Removal Only Where There Is A Federal Cause of Action That Encompasses The Claim That Plaintiff Has Pled Solely In Terms Of State Law**

The so-called doctrine of "complete preemption" is a narrow exception to the well-pleaded complaint rule. Minnesota ex rel. Hatch v. Worldcom, Inc., 125 F. Supp. 2d 365, 369 (D. Minn. 2000). As the Eighth Circuit has explained, "[t]he Supreme Court has held on rare

occasions that federal law is so dominant in a particular area, the pre-emptive force of a federal

statute so 'extraordinary,'" that it "'converts an ordinary state common law complaint into one

stating a federal claim for purposes of the well-pleaded complaint rule.'" Hurt v. Dow Chemical

Co., 963 F.2d 1142, 1144 (8th Cir. 1992) (emphasis added) (quoting Metropolitan Life Ins. Co. v.

Taylor, 481 U.S. 58, 65 (1987)). "In such a situation, the federal law so occupies the field that

any complaint alleging facts that come within the statute's scope necessarily 'arises under'

federal law, even if the plaintiff pleads a state-law claim only. It is not just that a preemption

defense is present: the claim is completely federal from the beginning." Id.

      The jurisdictional issue of complete preemption is a separate issue from the affirmative

defense of preemption. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-64 (1987). The

Supreme Court clarified that even "ERISA preemption, without more, does not convert a state

claim into an action arising under federal law." Id. As this court has recognized, there are

"[t]wo very different forms of preemption . . . and it is not unusual for parties and even the

federal judiciary to be confused about the difference." Blaylock, 104 F. Supp. 2d at 1187.

> The two preemption concepts are analytically different. "Complete preemption . .
> . has jurisdictional consequences that distinguish it from preemption asserted only
> as a defense. The defense of preemption can prevent a claim from proceeding,
> but in contrast to complete preemption it does not convert a state claim into a
> federal claim."

Id. at 1187 (internal citation omitted).

      Although ordinary preemption applies in innumerable contexts, the Supreme

Court–which has expressly stated "that it is 'reluctant' to" do so–has found complete preemption

only in three particular areas of federal law. Lontz v. Tharp, 413 F.3d 435, 441 (4th Cir. 2005)

(Wilkinson, J.) (quoting Metropolitan Life Ins. Co., 481 U.S. at 65)); accord Sullivan v.

American Airlines, Inc., 424 F.3d 267, 272 (2d Cir. 2005) ("The Supreme Court has only found

three statutes to have the requisite extraordinary preemptive force to support complete preemption.").  The Court permits such removal in two areas of  labor law (the Labor Management Relations Act (LMRA) and ERISA), <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987) ("The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA."); <u>Metropolitan Life Ins. Co.</u>, 481 U.S. at 66 (applying complete preemption in the ERISA context), and in one area of banking law (the National Bank Act), <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 9-10 (2003) (permitting removal because Sections 85 and 86 of the National Bank Act "provide the exclusive cause of action for usury claims against national banks").  Thus, the question remains what distinguishes the jurisdictional doctrine of "complete preemption" from the conventional defense of preemption.

Absent diversity, federal jurisdiction is generally confined to federal question jurisdiction.  <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. at 6.  As the Supreme Court has reiterated for over 100 years, federal question jurisdiction is largely confined to actions premised on a federal cause of action.  <u>E.g. id.</u> at 6.  Moreover, a federal cause of action generally must be expressly created by Congress; an implied federal cause of action is now quite rare.  <u>E.g. California v. Sierra Club</u>, 451 U.S. 287, 297-298 (1981).  In sum, federal question jurisdiction is essentially confined to where Congress has created an express federal cause of action.

Not surprisingly then, the Supreme Court has clarified that removal under the "complete preemption" doctrine is confined to those few cases where the state-law causes of action that plaintiff has pled have been not just displaced by federal law, but also <u>replaced</u> by a federal cause of action for which Congress has provided exclusive jurisdiction in the federal courts. <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 9-10 (2003).  "In the two categories of cases

where this Court has found complete pre-emption–certain causes of action under the LMRA and ERISA–the federal statutes at issue provided the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action." Id. at 8.

Under the framework originally created under those two statutory contexts, the "dispositive question" with respect to removal of an action in which the plaintiff pled only state-law claims is whether the federal statute at issue "provide[s] the exclusive cause of action for" the type of claims alleged. Id. at 9. "If so, then the cause of action necessarily arises under federal law and the case is removable. If not, then the complaint does not arise under federal law and is not removable." Id. (emphasis added).

To emphasize this point, the Court reiterated that "only if Congress intended [the federal statute at issue] to provide the exclusive cause of action for [what the plaintiff pled as state-law] claims . . . would the statute" completely preempt state law so as to permit removal. Id. (emphasis added). Again, "the proper inquiry focuses on whether Congress intended the federal cause of action to be exclusive." Id. at 9 n.5.

Granted, the Supreme Court had been criticized for failing to articulate clearly the basis for its original ruling that first recognized this removal doctrine. E.g. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 11, 14 (2003) (Scalia, J., dissenting) ("[T]he opinion in Avco failed to clarify the analytic bases for its unprecedented act of jurisdictional alchemy."). And many have noted the resulting inconsistencies, indeed outright confusion, in the lower federal court decisions before Beneficial Nat'l Bank. E.g. Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (noting, at the time, that "[u]nfortunately, the scope of the doctrine is not entirely clear" and that it thus "occasioned both confusion and disagreement among the federal circuit and district courts").

But even before the Supreme Court clarified the issue in its 2003 decision in <u>Beneficial Nat'l Bank</u>, the federal circuits began to recognize that removal in such circumstances could only occur where an exclusive federal cause of action encompassed the plaintiff's claim.  As the Seventh Circuit summarized the year before the <u>Beneficial Nat'l Bank</u> ruling, "[m]ost circuits share our view that the existence of a private right of action under federal law is an antecedent of complete preemption."  <u>Rogers v. Tyson Foods, Inc.</u>, 308 F.3d 785, 788 (7th Cir. 2002) (citing its agreement with Fifth, Sixth, Ninth, Tenth and Eleventh Circuits), <u>rehearing and rehearing en banc denied</u> (2002).[2]  In fact, the Sixth Circuit had expressly overruled a prior decision that permitted removal despite the fact that the federal cause of action under ERISA did not extend to the particular state-law claim asserted by the plaintiff.  <u>Warner v. Ford Motor Co.</u>, 46 F.3d 531, 535 (6th Cir. 1995) (en banc) (recognizing requirement of an applicable federal cause of action).

And since the ruling in <u>Beneficial Nat'l Bank</u> , the remaining circuits are likewise recognizing this essential requirement of the complete preemption doctrine.  <u>E.g.</u> <u>Sullivan v. American Airlines, Inc.</u>, 424 F.3d 267, 275-76 (2d Cir. 2005) ("[T]o determine whether a federal statute completely preempts a state-law claim within its ambit, we must ask whether the federal statue provides 'the exclusive cause of action' for the asserted state-law claim."); <u>Lontz v. Tharp</u>, 413 F.3d 435, 442 (4th Cir. 2005) ("[T]he sine qua non of complete preemption is a pre-existing *federal* cause of action that can be brought in the district courts.") (emphasis in original); <u>King v. Marriott Int'l Inc.</u>, 337 F.3d 421, 425 (4th Cir. 2003) ("[A] vital feature of complete preemption

---

[2] This Court cites authority from other circuits in light of the fact that this is not an instance where an absence of controlling authority from the Supreme Court might create a legitimate circuit split.  Rather, the Supreme Court–in a series of five decisions–has ruled that an exclusive federal cause of action is necessary to permit removal under the doctrine of "complete preemption."  <u>E.g.</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 9-10 (2003).  In such circumstances, this Court is, of course, strictly bound to follow the Supreme Court's rulings.

is the existence of a federal cause of action that replaces the preempted state cause of action.").

**D.      The Federal Statute At Issue Here Provides No Basis For Removal**

The Wedge contends that Section 31306 of Title 49 completely preempts Visina's state-law claims so as to permit it to remove this action to federal court.  Section 31306 generally authorizes the Secretary of Transportation to "prescribe regulations that establish a program requiring motor carriers to conduct preemployment, reasonable, suspicion, random, and post-accident testing of operators of commercial motor vehicles for the use of a controlled substance in violation of law."  49 U.S.C. § 31306(b).  Subsection (g) then addresses its "[e]ffect on State and local government regulations":

> A State or local government may not prescribe or continue in effect a law, regulation, standard, or order that is inconsistent with regulations prescribed under this section.  However, a regulation prescribed under this section may not be construed to preempt a State criminal law that imposes sanctions for reckless conduct leading to loss of life, injury, or damage to property.

49 U.S.C. § 31306(g).

Section 31306(g) plainly constitutes an express preemption provision that would preempt "inconsistent" state law.  But even assuming that the state law at issue would be preempted,[3] the Supreme Court has made it perfectly clear that the defense of preemption does not suffice to provide federal question jurisdiction so as to permit removal.  Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-64 (1987).

The Wedge makes no attempt to identify any applicable federal cause of action, much less an exclusive one.  Accordingly, there is no basis to remove this action to federal court as "arising under" federal law for purposes of federal question jurisdiction.  Cf. Schmeling v.

---

[3] The sole issue before the Court is the jurisdictional question of removal under the doctrine of "complete preemption," rather than the defense of (conventional) preemption and thus this Court has no authority to address the merits, including defenses such as preemption.

NORDAM, 97 F.3d 1336, 1343 (10th Cir. 1996) (remanding plaintiff's claims that former

employer, an air repair station certified by the FAA, violated state drug testing statute where

federal statute at issue, 49 U.S.C. § 45102, provided no exclusive cause of action for such

claims).

In fact, the federal statute on which the Wedge relies, 49 U.S.C. § 31306, is similar to 49

U.S.C. § 45102, the statute on which the defendant relied unsuccessfully in Schmeling.  Indeed,

both statutes emanate from the same legislation, Public Law 103-272, July 5, 1994, 108 Stat.

1221.  Section 1(d) of Public Law 103-272 amended Title 49 by adding Subtitles II through X.

Subtitle VI, entitled "Motor Vehicle and Driver Programs," imposed the drug testing

requirements for operators of commercial motor vehicles codified at 49 U.S.C. § 31306.

Likewise, Subtitle VII, entitled "Aviation Programs," imposed the drug testing requirements for

air carrier employees codified at 49 U.S.C. § 45102.  But neither statute creates an exclusive

cause of action.  Here, as in Lontz, "we cannot find complete preemption if for no other reason

than that Congress has not chosen to create a cause of action."  413 F.3d at 443.

### E.   The "Breadth" Or "Strength" Of A Federal Statutory Scheme Or Of Its Preemptive Scope Is Irrelevant To Removal Under "Complete Preemption"

Nevertheless, the Wedge maintains that removal was proper, simply contending that the

scope of preemption under this federal statute is "broad."  (Mem. at 2; accord id. at 4 (noting that

courts have "construed these preemption provisions as having great breadth"); id. at 8 (citing

"specificity and breadth of the regulations governing drug testing").)

But the mere "breadth" of a federal statutory scheme or its preemptive scope is not

determinative of the removal question.  The inaptly named doctrine of "complete preemption"

has apparently fostered the mistaken understanding that a federal statute of "broad" preemptive

effect results in "complete preemption," that is, removal.  Sullivan v. American Airlines, Inc.,

424 F.3d 267, 272 n.5 (2d Cir. 2005) (agreeing that "doctrine would be better labeled

'jurisdictional' preemption," which would be "more accurate").  "Complete preemption" is not

just a broader version of the conventional form of preemption, which is simply an affirmative

defense, not a jurisdictional doctrine.  E.g. id. at 273 n.7 (noting that "complete preemption" is

not equivalent to "field preemption" form of conventional preemption); Lontz v. Tharp, 413 F.3d

435, 440 (4th Cir. 2005) ("While these two concepts are linguistically related, they are not as

close kin jurisprudentially as their names suggest," because "[c]omplete preemption is a

'jurisdictional doctrine,' while ordinary preemption simply declares the primacy of federal law,

regardless of the forum or the claim."); Schmeling, 97 F.3d at 1342 (term "complete preemption"

should be read "not as a crude measure of the breadth of the preemption (in the ordinary sense)

of state law by a federal law").[4]

　　　Rather, removal based on "complete preemption" involves something different than just a

broad preemptive scheme.  In fact, it is a difference in kind, not a difference in degree.  See

Sullivan, 424 F.3d at 275 (noting description of "the difference between complete and ordinary

preemption as 'a difference in kind'").  Whereas conventional preemption based on federal law

operates (as does any affirmative defense) to defeat the plaintiff's claim, removal under

"complete preemption" operates as a jurisdictional doctrine, permitting removal of what was

plead as a state law claim to federal court because federal law not only has prohibited the

---

　　　[4] The problematic terminology is not limited to the adjective "complete" because
"complete preemption" is not even true preemption as it does not terminate the action but rather
only recharacterizes the claims as federal so as to shift them from state to federal court.  King,
337 F.3d at 425 (noting that "it is misleading to say that the state claim has been 'preempted' as
that word is ordinarily used.  In such cases, in actuality, the plaintiff simply has brought a
mislabeled federal claim, which may be asserted under some federal statute"); see Lontz, 413
F.3d at 441 (explaining that because complete preemption "'transform[s] the plaintiff's state-law
claims into federal claims," the "complaint is then understood to state a federal question").

operation of state law, it also has replaced whatever state law cause of action exists with an exclusive federal cause of action.  E.g. Sullivan, 424 F.3d at 275-76 (noting "difference between 'complete' preemption, which can be the basis for federal subject-matter jurisdiction, and 'ordinary preemption, which cannot").

Obviously, "complete preemption" thus can not mean simply that the federal statute preempts all such state law claims–that is, that it is literally "complete"–because the Supreme Court itself–in both of the contexts in which it originally recognized the doctrine–concluded that removal was not proper where the federal cause of action did not reach the particular claim that the plaintiff pled in terms of state law.  Two of the Supreme Court's complete preemption decisions are in the ERISA arena, a statute that has an unusually broad preemptive effect.  E.g., Morales Trans World Airlines, Inc., 504 U.S. 374, 383-84 (1992) (collecting decisions noting breadth of ERISA preemption).  In one, the Court found complete preemption–because the plaintiff's state law claim fell within the reach of the federal cause of action.  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 66, 63 (1987) (permitting removal where plaintiff's claims fell "directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes").  But in the other it did not permit removal–because the claims did not fall within the reach of Section 502(a).  Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 16, 20-22 (1983) (explaining that the "express grant of federal jurisdiction in ERISA is limited to certain parties" and did not include the plaintiff).  In short, what permits removal in certain–but not all–ERISA contexts is the fact that Congress not only preempted state law, it enacted a federal cause of action that encompasses the claims that the plaintiff has pled solely in terms of state law.

Moreover, this exact same split occurred in the original context in which this doctrine

was first recognized, the Labor Management Relations Act–that is, the Court permitted removal where the claim fell within LMRA's civil enforcement provision.  Avco Corp., 390 U.S. 557, 559-60 (1968).  As the Court subsequently explained, "*Avco* stands for the proposition that if a federal cause of action completely pre-empts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law."  Franchise Tax Bd., 463 U.S. at 23-24.  But again, the Court did not permit removal where the federal cause of action under LMRA did not encompass the state-law claims.  Caterpillar v. Williams, 482 U.S. 386, 394 (1987) (rejecting removal where plaintiff's "state-law contract claims" did not fall within scope of federal cause of action that provides federal jurisdiction only for "claims founded directly on rights created by collective-bargaining agreements").[5]

Thus it is clear that the existence of an exclusive federal cause of action is necessary to permit removal and that the scope of removal is defined by the reach of that federal cause of action.  In other words, regardless of the fact that the claim was pled solely in terms of state law, the claim is removable if the federal cause of action would encompass it, but it is not removable if the federal cause of action does not extend to that particular claim.

The fact that the scope of preemption in the conventional sense is "broad" simply means that it displaces a wide variety of state law.  But it does not mean that it does something more than displace it.  As discussed above, while the scope of ERISA preemption is exceedingly broad, the basis for removal is not its breadth, but the fact that it–for some claims, but not all–provides an exclusive federal cause of action that encompasses the plaintiff's state law claim.

---

[5]  Accordingly, while the Supreme Court's decision in Beneficial Nat'l Bank should clear up any remaining confusion as to the prerequisites for "complete preemption" by holding that an exclusive federal cause of action is necessary, the Court's earlier decisions–although perhaps not as clear and concise–are consistent with the requirement of an exclusive federal cause of action.

Metropolitan Life Ins. Co, 481 U.S. 63 (holding state law claim removable because "it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes"); Franchise Tax Board, 463 U.S. at 26 (holding that removal was not proper because ERISA did not provide a cause of action for the particular claim at issue).  Here, however, the issue is easier because there is no federal cause of action at all and thus no need to determine whether Visina's claim falls within the reach of that non-existent cause of action.

Likewise, preemption is not "complete" simply because it is "strong" any more than because it is "broad."  Sullivan, 424 F.3d at 276 (noting that Beneficial National Bank "makes clear an aspect of the complete-preemption doctrine that is often overlooked:  removal of state-law claims based on complete preemption becomes possible not solely by virtue of the preemptive force of a substantive federal statute such as the LMRA, ERISA, or the National Bank Act, but rather because a federal statute with completely preemptive force also gives rise to original federal jurisdiction, and as a consequence allows removal under 28 U.S.C. § 1441") (emphasis added).  Preemption is a doctrine of binary results–it either preempts a particular state-law claim or it does not.  There is no question of degree as it does not, in some "weaker" form, merely "wound" the state law claim.  Characterizing the effect of the preemptive provisions as "strong" or "broad" simply adds to the confusion.

In fact, "complete preemption" is "weaker" than ordinary preemption in a very key way: if a state-law claim is subject to the affirmative defense of preemption, the claim is extinguished and the case dismissed.  But where "complete preemption" applies, the claim survives, but as a federal rather than state claim.  The result is hardly stronger–instead of the claim being extinguished, it is merely recharacterized as federal so as to be able to proceed in federal court rather than state court. E.g. Sullivan, 424 F.3d at 276 ("When a state-law claim is removed to

14

federal court because [of complete preemption], the district court may then adjudicate the claim

on the merits under the relevant preemptive statute.").

The requirement of an exclusive federal cause of action is not only fully consistent with

the Supreme Court's rulings as well as with general principles of federal question jurisdiction, it

also reflects an appropriate, if not also necessary, bright-line distinction between the

jurisdictional doctrine of "complete preemption" and the conventional defense of preemption,

which provides–as the Supreme Court has repeatedly ruled–no basis for federal jurisdiction.  The

sheer abundance of federal law creates innumerable contexts for arguments of federal

preemption.  Sullivan, 424 F.3d at 272-73 ("Many federal statutes–far more than support

complete preemption–will support a defendants's argument that because federal law preempts

state law, the defendant cannot be held liable under state law.").  Many of these areas of federal

law include express preemption provisions of "broad" scope.  For example, the Medical Device

Amendments to the Federal Food, Drug, and Cosmetic Act expressly preempts certain state laws.

E.g. 21 U.S.C. § 360k (providing that states may not "establish or continue in effect with respect

to [medical devices] any requirement" that is "different from, or in addition to, any requirement

applicable under this chapter to the device" and "which relates to the safety or effectiveness of

the device"); Medtronic v. Lohr, 518 U.S. 470, 481-82 (1996) (construing preemption

provision).

Yet many of these do not include any federal cause of action.  E.g. Medtronic, 518 U.S.

at 487 (noting that "there is no explicit private cause of action against [medical device]

manufacturers" in the federal statutes and "no suggestion that the Act created an implied private

right of action").  If the jurisdictional doctrine of complete preemption is not confined to those

relatively few areas of federal law that not only preempt state law but also replace state causes of

action with an exclusive federal cause of action, the doctrine of complete preemption will permit a substantial, if not huge, influx of state law cases such as routine product liability actions to be rerouted to federal court despite the lack of either diversity or a federal question.  There is no evidence that Congress or the federal courts intended such a massive expansion of federal jurisdiction and the well-pleaded complaint rule.

Moreover, permitting removal absent an exclusive federal cause of action creates something of an odd, if not illogical, result:  the state law cause of action would be preempted, but the case could be removed to federal court anyway, but with nothing left of that claim. Defendant would then presumably file a motion to dismiss–because there is no comparable federal cause of action–although to dismiss what would then be a non-existent claim.  See Sullivan v. American Airlines, Inc., 424 F.3d 267, 276-77 (2d Cir. 2005) (noting that permitting removal of claim for which there is no federal cause of action "is internally inconsistent").  Cf. Rogers v. Tyson Foods, Inc., 308 F.3d 785, 788 (7th Cir. 2002) ("Logically, complete preemption would not be appropriate if a federal remedy did not exist in the alternative.").  There appears to be no sound reason to remove a case based entirely on state-law claims from state to federal court only to then necessarily dismiss it.  King v. Marriott Int'l Inc., 337 F.3d 421, 425 (4th Cir. 2003) (where complete preemption applies, "'the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under'" the preempting federal statute); Warner v. Ford Motor Co., 46 F.3d 531, 535 (6th Cir. 1995) (en banc) (overruling prior decision that permitted removal despite lack of applicable federal cause of action only to then dismiss claim). Accordingly, the requirement of a federal cause of action is the only rational result.

This is particularly true in light of the fact that state courts are fully capable of addressing motions to dismiss based on the defense of preemption.  E.g. Peterson v. BASF Corp., 711

N.W.2d 470 (Minn. 2006) (addressing federal preemption of state law claims).  Requiring state

law claims to be removed to federal court only to then be dismissed as preempted clearly would

not be necessitated by any restriction on the defense of conventional preemption being

something that only federal courts can apply.  Where Congress has enacted federal statutes, state

courts are, of course, required to apply federal law, including the federal defense of preemption.

### F.    The Issue Of The Precise Remedy Available Under Federal Law Is Irrelevant

Nevertheless, Defendant claims that a federal cause of action is not required for removal,

relying on Caterpillar v. Williams, 482 U.S. 386, 391 n.4 (1987).  (Mem. at 9.)  But this is a plain

misreading of Caterpillar.  In Caterpillar, the Supreme Court affirmed the Ninth Circuit's

holding that the case was improperly removed under the complete preemption doctrine.  Id. at

394.  But the Ninth Circuit had also erroneously ruled (at least as far as the Supreme Court

understood that ruling) that removal under complete preemption is not proper "unless the federal

cause of action relied upon provides the plaintiff with a remedy."  Id. at 391 n.4.  Because the

Supreme Court was otherwise affirming the remand, it needed to point out removal would be

proper even though the particular "relief sought by the plaintiff could be obtained only in state

court."  Id.  Thus, the Court only ruled that where federal law does provide a cause of action that

is exclusive so as to displace a state law cause of action, there is no requirement that the federal

law provide the same remedy as that under state law.  Id. (citing Avco, 88 U.S. at 560-61).[6]

As the Court had explained in Avco, while Section 301 authorizes various forms of relief

ranging "from specific performance . . . to enforcement or annulment of an arbitration award, to

---

[6]  In Lundeen v. Canadian Pacific Railway, 447 F.3d 606 (8th Cir. 2006), the Eighth
Circuit might have similarly misread Caterpillar on this point but the Eighth Circuit's decision
fails to even cite the Supreme Court's clear holding in Beneficial National Bank, much less the
growing majority of circuit decisions acknowledging the requirement that "complete
preemption" requires an exclusive federal cause of action that encompasses the plaintiff's claim.

an award of compensatory damages," the "breadth or narrowness of the relief which may be granted under federal law in [LMRA] § 301 cases is a distinct question from whether the court has jurisdiction over the parties and the subject matter."  390 U.S. at 561 (explaining that "nature of relief available after jurisdiction attaches is, of course, different from the question of jurisdiction").  As the Seventh Circuit has ably noted, "complete preemption can exist even where a particular plaintiff seeks a remedy that Congress chose not to provide when it effected complete preemption."  Rogers v. Tyson Foods, Inc., 308 F.3d 785, 788 (7th Cir. 2002).  "A federal cause of action need not provide the same remedies as the preempted state cause of action."  Id. at 790.  "The chance that the 'nature of relief' available under federal law might be different from that under state law does not affect the jurisdictional analysis."  Schmeling v. NORDAM, 97 F.3d 1336, 1343 (10th Cir. 1996) ("We do not hold that a federal cause of action must provide the same remedies as offered by the preempted state cause of action.") (discussing Avco v. Aero Lodge No. 735, 390 U.S. 557 (1968) and the possibility that the Caterpillar Court "seemed to misapprehend the Ninth Circuit's exposition of the replacement preemption model").  "We therefore clarify that although a federal cause of action is a prerequisite to removal under the complete preemption doctrine, the federal cause of action need not provide the same remedy as the state cause of action."  Id. at 1343.  In short, while removal requires that there be an exclusive federal cause of action that encompasses the claim at issue, it does not require that the particular form or type of relief afforded under the federal statute match that sought by the plaintiff under state law.

Thus, in Chapman v. Lab One, 390 F.3d 620 (8th Cir. 2004), the Eighth Circuit addressed removal of  state-law claims regarding drug testing of the plaintiffs, who were employees of the defendant railroad.  390 F.3d at 623-24.  The court ruled that removal was not proper under the

"complete preemption" doctrine.  Id. at 629-30.  The court had already ruled that the

conventional version of preemption, that is, preemption as an affirmative defense, did not apply.

Id. at 625-29.[7]  The Eighth Circuit then ruled that given that there was no defense of preemption,

there clearly could be no removal based on complete preemption.  Id. at 629.  The court also

reasoned that the federal statutes at issue were "distinguishable from other statutory schemes in

which courts have found complete preemption":

> Both the ERISA and LMRA include a specific jurisdictional provision stating that
> the district courts of the United States shall have jurisdiction to grant relief based
> on the private right of action created elsewhere in the statutes. . . .  As the district
> court observed, however, neither the FRSA nor the [Federal Omnibus
> Transportation Employee Testing Act of 1991] provides a private right of action
> for a person aggrieved by negligence in the analysis of a drug test, and the
> absence of an alternative cause of action militates against a finding of complete
> preemption.

Id. at 629 (emphasis added).[8]  "Where no discernable federal cause of action exists on a

plaintiff's claim, there is no complete preemption, for in such cases there is no federal cause of

action that Congress intended to be the exclusive remedy for the alleged wrong."  King v.

Marriott Int'l Inc., 337 F.3d 421, 425 (4th Cir. 2003).  Accordingly, there can be no basis here to

---

[7]  The appeal involved two different cases, two different plaintiffs and two different
procedural postures.  In one, the district court had ruled on preemption as a defense; in the other,
a different district court had ruled on complete preemption as the basis for removal.

[8]  The Wedge's reliance on Lundeen v. Canadian Pacific Railway, 447 F.3d 606 (8th Cir.
2006), is misplaced for several reasons.  Although the Lundeen court purports to distinguish
Chapman, it does so by analyzing Chapman's discussion of conventional preemption, not its
separate analysis of "complete preemption."  447 F.3d at 612.  But as the Supreme Court has
reiterated, there is a fundamental distinction between an affirmative defense and federal
jurisdiction.  Thus, the discussion of complete preemption in Chapman is plainly not dicta,
because the jurisdictional issue is not only a separate issue from whether the federal law simply
preempts state law, the requirement of a federal cause of action for removal is an additional
requirement over and above whatever would otherwise serve to simply preempt a state law
claim, rather than replace it.  Finally, and perhaps most importantly, Lundeen simply fails to
even mention the Supreme Court's controlling holding in Beneficial National Bank.

remove Visina's action to federal court.

### G.     The Affirmative Defense of Preemption Is Not Presently Before This Court

On a motion to remand, a federal court's jurisdiction is limited to addressing the jurisdictional question of removal.  Schmeling v. NORDAM, 97 F.3d 1336, 1343 (10th Cir. 1996) ("Our analysis under the complete preemption doctrine is jurisdictional and therefore preliminary to any consideration of the merits.").  Having concluded that the federal courts lack subject matter jurisdiction, this Court must dismiss and lacks the authority to address the merits. "The absence of a federal cause of action says nothing about whether the state claim is preempted in the ordinary sense:  it is entirely within the power of Congress to completely eliminate certain remedies by preempting state actions, while providing no substitute federal action."  King v. Marriott Int'l Inc., 337 F.3d 421, 425 (4th Cir. 2003).

Accordingly, whether an affirmative defense of preemption remains is for the state courts to decide.  Caterpillar v. Williams, 482 U.S. 386, 398 n.13 (1987) (refusing, after concluding removal was improper, to "intimate [any] view on the merits of . . . any of the pre-emption arguments," as such issues are "questions that must be addressed in the first instance by the state court in which [plaintiffs] filed their claims"); Sullivan v. American Airlines, Inc., 424 F.3d 267, 276-77 (2d Cir. 2005) ("Because it follows from our holding that the district court lacked subject-matter jurisdiction over this case, we have no occasion to consider the merits of American's argument that the plaintiffs' defamation claims are . . . subject to ordinary preemption."); Lontz v. Tharp, 413 F.3d 435, 438 (4th Cir. 2005) ("We express no view as to whether such claims on the merits are preempted by federal law, as this is a question for state courts to resolve."); Toumajian v. Frailey, 135 F.3d 648, 652 (9th Cir. 1998) (where there is no basis for removal under complete preemption, court lacks jurisdiction to address merits,

20

including affirmative defense of preemption); <u>Dukes v. U.S. Healthcare, Inc.</u>, 57 F.3d 350, 355

(3d Cir. 1995) (if complete preemption does not apply, "the district court, being without removal

jurisdiction, cannot resolve the dispute regarding preemption.  It lacks power to do anything

other than remand to the state court where the preemption issue can be addressed and

resolved.").

## III.    CONCLUSION

Because there is no exclusive federal cause of action that would encompass Plaintiff's

claims, Defendant may not remove this action to federal court under the doctrine of "complete

preemption."  On remand, nothing in this decision shall be construed as addressing any

affirmative defense of preemption that might apply.

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS

HEREBY RECOMMENDED that:

1.    Plaintiff's motion to remand (Doc. No. 9) be GRANTED.


Dated:  August 10, 2007

                                        s/ Susan Richard Nelson

                                        SUSAN RICHARD NELSON
                                        United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing
with the Clerk of Court and serving all parties by August 27, 2007, a writing which specifically
identifies those portions of this Report to which objections are made and the basis of those
objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting
party's right to seek review in the Court of Appeals.  This Report and Recommendation does not
constitute an order or judgment of the District Court, and it is therefore not appealable to the
Court of Appeals.